UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, ex rel MATTY LIBATIQUE; FREDERICK BANKS, next friend thereto,<br><br>Petitioners<br><br>v.<br><br>POLAND; REPUBLIC OF POLAND; ZBIGNIEW ZIOBRO, MINISTER OF JUSTICE & CENTRAL INTELLIGENCE AGENCY; WARDEN SEKOY MAAT; U.S. DEPARTMENT OF STATE,<br><br>Respondents. | Case No. 2:21-cv-126-ODW (GJS)<br><br>**ORDER DISMISSING PETITION** |

On January 4, 2020, a putative 28 U.S.C. § 2241 habeas petition was filed in this District [Dkt. 1, "Petition"] by Frederick Banks, a convicted federal criminal currently incarcerated in the State of Louisiana at FCI-Oakdale and a frequent litigant here and elsewhere. The Petition purports to be brought by both "United States, ex rel Matty Libatique" and Banks, although Banks is the only signatory to the Petition and mailed it from his present place of incarceration. The Petition names as Respondents the country of Poland, the "republic of Poland," someone alleged to be the Minister of Justice (apparently of Poland), the Central Intelligence

Agency ("CIA"), the apparent Warden of Banks's custodial institution, and the U.S. State Department.

The two-page Petition does not challenge a conviction or sentence, nor does it challenge the manner in which Banks's current criminal sentence is being executed. Rather, the Petition is based on a 2018 incident that occurred in Poland involving Matty Libatique.  As news reports set forth and the Petition alleges, Libatique is a well-known cinematographer who was believes he was drugged in Poland and when paramedics arrived, he apparently struck out at one of them and thereafter was charged with assault (although he subsequently returned to the United States, where he remains released on bail).  Banks does not allege that he had anything to do with this incident or that he has ever met or communicated with Libatique.  Banks sets forth his oft-repeated refrain that the CIA uses microwave hearing technology to control people, including through signal transmissions that originate in the Central District of California.  Although unclear, Banks appears to allege that the CIA, through this technology, caused the above-described Libatique incident to happen as well as caused Banks to suffer his current imprisonment.  Banks also alludes to unidentified "FISA warrants" that he claims were the source of the above-noted Libatique incident and Banks's own present custody.  As relief, Banks states that both he and Libatique seek to:  have the FISA warrants disclosed and lifted; be discharged from custody; have this case transferred to the Eastern District of Louisiana if the Court declines to act; and have the Court recommend to Polish authorities that the criminal case brought against Libatique be dismissed.

To resolve the Petition, the Court need not recount Banks's prior criminal history other than to take judicial notice, pursuant to Fed. R. Evid. 201, that in his most recent criminal case, Banks was tried by jury in the United States District Court for the Western District of Pennsylvania and was found guilty of multiple federal counts of wire fraud and one federal count of aggravated identity theft on November 8, 2019.  Banks was sentenced on June 16, 2020, to consecutive terms of

1   80 months and 24 months imprisonment, to be followed by several years of
2   supervised release.  *See* Docket in Case No. 2:15-cr-00168 (W.D. Pa.).  Banks is
3   imprisoned at present pursuant to this federal conviction and sentence.

4         Apart from his criminal status and related time spent in the federal criminal
5   court system, Banks also is "a notorious frequent filer" in the federal civil court
6   system, whose cases routinely are dismissed at the pleading stage as frivolous.  *See*
7   *Banks v. Song*, No. 1:17-cv-00339 (D. Haw. July 25, 2017) (Order Dismissing
8   Action and Denying In Forma Pauperis Application); *see also Banks v. Cuevas*, No.
9   4:17CV2460, 2018 WL 1942192, at *1 (N.D. Ohio April 25, 2018) (describing
10  Banks as a "frequent filer of frivolous actions in federal and state courts"); *Banks v.*
11  *Song*, No. 17-00093, 2018 WL 3130940, at *1-*2 (D. Guam Jun. 26, 2018) (finding
12  lawsuit filed by Banks related to his present criminal prosecution essentially was the
13  same suit that he had filed in a number of other Districts in the United States and
14  was "malicious" and improperly filed in the District of Guam); *Banks v. New York*
15  *Police Dept.*, No. 4:15-CV-75-RLW, 2015 WL 1414828, at *2-*3 (E.D. Mo. Mar.
16  26, 2015) (dismissing as legally frivolous and malicious mandamus action brought
17  by Banks seeking relief based upon, *inter alia*, the deaths of Eric Garner and
18  Michael Brown).[1]  Pursuant to Fed. R. Evid. 201, the Court has taken judicial notice
19  of the case dockets and filings available through the PACER and Westlaw systems
20  relating to Banks, which show well over 1,000 federal civil proceedings initiated by
21  Banks over the past decade.

22

23  _____

24  [1]      Banks also has filed a number of actions in this District that have been summarily
    dismissed as frivolous.  *See* Case Nos.:  2:15-cv-04225-ODW (GJSx); 2:16-cv-05544-JAK (KSx);
25  2:16-cv-07398-R (JPSx); 2:16-cv-07954-ODW (GJS); 2:17-cv-05412-GW (JPRx); 5:18-cv-
    00526-ODW (GJS); 5:19-cv-00780-ODW (GJS); 2:19-cv-06748-JAK (JC); 2:19-cv-07428-ODW
26  (GJS); 2:19-cv-08514-ODW (GJS); 2:19-cv-10468-ODW (GJS); 2:20-cv-00665-ODW (GJS);
    2:20-cv-00680-ODW (GJS); 2:20-cv-00979-ODW (GJS); 2:20-cv-01138-ODW (GJS); 2:20-cv-
27  03640-ODW (GJS); 2:20-cv-05579-ODW (GJS); 2:20-cv-06288-ODW (GJS); 2:20-cv-06919-
    ODW (GJS); 2:20-cv-07554-ODW (GJS); 2:20-cv-08191-ODW (GJS); 2:20-cv-08541-ODW
28  (GJS); and 2:20-cv-10769-ODW (GJS).

                                                    3

When federal courts began dismissing Banks's civil cases under 28 U.S.C. § 1915(g) due to his numerous "strikes," he turned to filing 28 U.S.C. § 2241 or other types of petitions or motions in an attempt to avoid the Section 1915(g) limitation on filing actions without paying the filing fee.  *See Banks v. Valaluka*, No. 1:15-cv-01935 (N.D. Ohio Nov. 18, 2015) (denying leave to proceed *in forma pauperis* and dismissing purported mandamus action).)  As he has been described:

> Banks is a well-established, multi-district, frequent filer, who has brought over 350 cases in the Northern District of Ohio, the District of Massachusetts, the Southern District of Mississippi, the District of Columbia, the Southern District of New York, the Western District of New York, the District of Colorado, the District of Arizona, the Southern District of Florida, the Middle District of Florida, the Eastern District of North Carolina, the Middle and Western Districts of Pennsylvania, the Eastern District of Missouri, the Eastern District of New Jersey, the Eastern District of Arkansas, the Western District of Oklahoma, the District of Utah, and the District of Alaska.  All of these cases were dismissed as frivolous.  He has been declared to be subject to three strike provision of 28 U.S.C. § 1915(g) on numerous occasions.  Undeterred, Banks utilizes § 2241 to circumvent the application of § 1915(g).

*Banks v. Greene*, No. 4:18-cv-0884, 2018 WL 4615938, at *1 n.1 (N.D. Ohio, Sept. 25, 2018).

In addition to the numerous findings that Banks's case-initiating filings are frivolous, Banks has been designated as a vexatious litigant.  *See, e.g., Banks v. Pope Francis*, No. 2:15-cv-01400 (W.D. Pa. Dec. 8, 2015) (Order designating Petitioner as a vexatious litigant).  That vexatious litigant designation has been ordered extended to cover filings made by Banks on behalf of any other persons, whether as a purported "next friend" or otherwise, unless and until he has complied with the requirements of the original vexatious litigant designation order.  *See United States v. Miller*, 726 Fed. App'x 107 (June 7, 2018) (affirming district court order so extending scope of vexatious litigant order entered against Banks).

4

1    As any review, no matter how cursory, of cases available through the PACER

2  system shows, Banks has a long history of filing delusional and meritless actions on

3  his own behalf or supposedly on behalf of others with whom he has no connection,

4  often alleging some sort of mysterious electronic surveillance or use of

5  "microwave" technology by the CIA.  *See, e.g., Banks v. United States*, No. 19-CV-

6  8829 (CM), 2019 WL 4933424, at *1 (S.D.N.Y. Oct. 7, 2019) ("Banks has a history

7  of filing actions on behalf of others without their permission, either by using the

8  'next friend' device or by naming another individual as a co-plaintiff without that

9  individual's authorization"; and finding that Section 2241 petition brought by Banks

10  on the purported behalf of climate activist Greta Thunberg was a "continuation of

11  [his] pattern of vexatious, frivolous, and nonmeritorious litigation" that warranted

12  summary dismissal); *Banks v. Crooked Hilary*, No. 2:16-cv-07954 (C.D. Cal. Oct.

13  26, 2016) (Order denying leave to proceed *in forma pauperis* and discussing some

14  of the prior decisions finding Petitioner's actions to be frivolous and delusional);

15  *Schlemmer v. Central Intelligence Agency*, No. 2:15-cv-01583 (W.D. Pa. Dec. 15,

16  2015) (Order dismissing with prejudice a Section 2241 habeas petition filed by

17  Banks as a purported "next friend" on behalf of a criminal defendant with whom he

18  had no relationship); *Valaluka, supra* (Order at 2:  "Banks has not limited his

19  frivolous filings to cases he files in his own name, but has expanded his efforts by

20  filing cases and motions on behalf of other prisoners, often without their knowledge

21  or consent.").

22    There is and can be no viable claim for habeas relief alleged in the Petition

23  based on its subject matter.  To the extent that he seeks habeas relief on his own

24  behalf, Banks's assertions that he is in custody due to the CIA's use of microwave

25  hearing technology and a FISA warrant are factually and legally frivolous within the

26  meaning of *Denton v. Hernandez*, 504 U.S. 25, 32-22 (1989), and *Neitzke v.*

27  *Williams*, 490 U.S. 319, 325 (1989).  Banks is in custody because he has been

28  convicted in a different federal District of multiple federal crimes and is serving his

1   related sentence in yet another different District, not because of any putative FISA

2   warrant and/or electronic surveillance by the CIA.  Banks is not in custody in this

3   District for habeas or any other purposes.  His allegations as to custody based on

4   putative signal transmissions emanating from this District are specious and legally

5   unavailing.  *See Banks v. Canada*, No. 9:20-CV-0064 (LEK), 2020 WL 1689859, at

6   *2 (N.D.N.Y. April 7, 2020) (dismissing Section 2241 petition brought by Banks

7   raising the same allegations he has made in prior cases brought here and finding his

8   allegation that the CIA's alleged electronic signal originated in the district

9   insufficient to confer jurisdiction in the district, given that his district of

10   confinement was elsewhere).

11       Banks has been told time after time that his various "habeas" actions motivated

12   by news events involving others do not belong in this District.  Moreover, as Banks

13   also has been told over and over again, he has no right to purport to represent

14   anyone else in legal proceedings.  Generally, non-lawyers may not represent other

15   persons in court.  *See, e.g., Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir.

16   2008) ("courts have routinely adhered to the general rule prohibiting pro se plaintiffs

17   from pursuing claims on behalf of others in a representative capacity"); *Collinsgru

18   v. Palmyra Bd. Of Educ.*, 161 F.3d 225, 232 (3rd Cir. 1998).  28 U.S.C. § 1654

19   permits persons to appear on a pro se basis <u>only</u> in their "own cases personally."

20   *See Shephard v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002).  Local Rule 83-2.10.2

21   expressly prohibits a pro se litigant from delegating his representation to any other

22   person.  Because Banks is not a lawyer authorized to practice in this Court, he may

23   not pursue relief on behalf of anyone else here.  *See C.E. Pope Equity Trust v.

24   United States*, 818 F.2d 696, 697 (9th Cir. 1987) (a layperson acting in pro per may

25   not appear or seek relief on behalf of others); *see also Banks as next friend of

26   Waymer v. Eddy*, 801 Fed. App'x 50 (3rd Cir. April 14, 2020) (affirming dismissal

27   of Section 2241 petition brought by Banks on behalf of others and finding that not

28   only did Banks lack standing to seek relief on behalf of others as a next friend, but

1   that "as a layperson, Banks cannot represent other parties," even if he is purporting

2   to act as a next friend); *Banks v. NPR New Morning Edition*, 795 Fed. App'x 92 (3rd

3   Cir. Feb. 25, 2020) (affirming dismissal of Section 2241 petition brought by Bank

4   on behalf of Anthony Bourdain and finding that "Banks cannot litigate on behalf of

5   Bourdain or his estate").

6          Banks's assertion that he may act as the "next friend" of Libatique is patently

7   frivolous, if not sanctionable under Fed. R. Civ. P. 11.  Banks has been told many

8   time that he may not act as a "next friend" to people who do not know him and who

9   have nothing to do with him, and yet he persists.  There are two "'firmly rooted

10   prerequisites'" that must be met before a next friend can be appointed:  (1) the

11   putative next friend must provide an adequate explanation, such as mental

12   incompetence or other disability, regarding why the real party in interest cannot

13   appear on his own behalf; and (2) the putative next friend must be "'truly dedicated

14   to the best interests of the person on whose behalf he seeks to litigate,'" which

15   requires the existence of a "'significant relationship'" between the two persons.

16   *Dennis ex rel. Butko v. Budge*, 378 F.3d 880, 888 (9th Cir. 2004) (citation omitted).

17   The burden of establishing these two requirements is on the putative next friend.

18   *Whitmore v. Arkansas*, 495 U.S. 149, 164 (1990).  Because the standing of a next

19   friend is a jurisdictional issue, the Court lacks jurisdiction if these requirements are

20   not satisfied.  *Id.*; *see also Dennis*, 378 F.3d at 888 n.5.

21          The Petition fails entirely to satisfy these requirements.  Banks does not state

22   any reason why he is entitled to act as the "next friend" of Libatique and there is no

23   rational reason to believe that any exists.  If Libatique needs to take any legal action

24   in the federal courts, he can retain a competent lawyer to represent him; a pro se

25   convicted criminal who Libatique does not even know cannot do so, much less

26   without Libatique's knowledge or agreement.  The second *Whitmore* requirement

27   also plainly is not, and cannot be, satisfied.  There is no evidence before the Court

28   indicating that Banks has a "significant relationship" with Libatique, much less that

1  Banks is truly dedicated to his interests.  Rather, the Petition plainly shows that,
2  once again, Banks seeks to parasitically attach himself to a stranger's unfortunate
3  event as a supposed means for Banks to pursue federal habeas relief for himself.  As
4  Banks has been told repeatedly, he may not do so.

5      If Banks wishes to challenge his present criminal custody, there are established
6  avenues for him to do so, but none of them include bringing repeated and frivolous
7  28 U.S.C. § 2241 or other civil actions outside of the District of conviction based on
8  matters having nothing to do with his present conviction and/or sentence.  The
9  matters alleged in the Petition simply do not involve situations in which Section
10  2241 federal habeas jurisdiction or any other basis for federal jurisdiction properly
11  can be invoked, much less in a District having nothing to do with him or the matters
12  of which he complains.

13      Accordingly, IT IS ORDERED that:  the Petition is dismissed for lack of
14  jurisdiction; and Judgment shall be entered dismissing this action.

16  DATED: January 12, 2021

17  _____
18  OTIS D. WRIGHT, II
    UNITED STATES DISTRICT JUDGE

19  Submitted by:

21  _____
22  GAIL J. STANDISH
    UNITED STATES MAGISTRATE JUDGE

8